FILED

# United States District Court

NOV  9 2006

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

~~CLERK~~

U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.

CHRISTOPHER ANTONIO WASHINGTON

## CRIMINAL COMPLAINT

CASE NUMBER: 2:06mj126-DRB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of

my knowledge and belief.  On or about _November 9, 2006_, in _Montgomery_ county and elsewhere within

the _____Middle_____ District of _____Alabama_____ defendant(s) did, (Track Statutory Language of Offense)

possess a firearm in and affecting commerce, while being a convicted felon,

in violation of Title ____18____ United States Code, Section(s) _922(g)(1)_ .  I further state that I am

a(n) _ATF Task Force Officer_ and  that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_Robert H. Drum_
Signature of Complainant

Sworn to before me and subscribed in my presence,

November 9, 2006                                          at        Montgomery, Alabama
Date                                                                           City and State

Delores R. Boyd, U. S. Magistrate Judge
Name & Title of Judicial Officer                              Signature of Judicial Officer

<u>AFFIDAVIT</u>

Your affiant, Robert H. Green, having first been duly sworn, does state that the following information is true and correct to the best of his knowledge:

I have been employed as a law enforcement officer for the last nineteen years with the Montgomery Police Department, Montgomery, Alabama, where I am currently assigned to the Detective Division, Robbery Homicide. In that capacity I have gained experience in the investigation of felony crimes occurring within Montgomery, Alabama.

For the last two and a half years I have been a sworn Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, and Firearms (ATF), assigned to investigate violations of Federal Firearms Regulations occurring in the Middle Judicial District of Alabama. In that capacity I have investigated numerous violations, including investigations involving convicted felons in possession of firearms, possession of firearms during drug trafficking crimes, possession of firearms by habitual drug users, and the illegal sale of firearms to convicted felons.

On November 5, 2006, a Montgomery Police Department patrol unit received information that Christopher Antonio Washington was in the area of Highland Gardens and had fired an AK-47 assault rifle at his cousin.  The patrol unit responded to the scene.  The patrol unit received information over the radio that WASHINGTON was driving a white pick-up truck.  While en-route to the scene the patrol unit observed a white pick-up truck leaving the scene.  The patrol unit then pursued the white pick-up truck.  The driver of the white pick-up truck then tried to elude the patrol unit.  After a short pursuit, the driver of the white pick-up truck abandoned the vehicle and fled the scene on foot.  The suspect was not apprehended.  The white pick-up truck was inventoried due to the fact that it was going to be impounded and during the inventory the patrol unit recovered a AK-47 rifle from the white pick-up truck.

On November 6, 2006, a Montgomery Police Department patrol unit observed a green Isuzu Rodeo matching the description provided to them by family members of the vehicle

WASHINGTON would be driving. The patrol unit pursued the vehicle, and once again the driver tried to elude the patrol unit. After a short pursuit, the driver of the sport utility vehicle abandoned the vehicle and fled the scene on foot. The suspect was not apprehended. The Montgomery Police Department recovered a box of .45 caliber ammunition along with a receipt showing WASHINGTON had purchased the ammunition from a pawn shop in Montgomery, Alabama.

On November 9, 2006, WASHINGTON was observed in a green Isuzu Rodeo, which resulted in a short foot pursuit at which time WASHINGTON was taken into custody.

WASHINGTON was transported to Montgomery Police Department where he was read his Miranda Rights by Detective R.H. Green, at which time he admitted that he fired the AK-47 at his cousin and that he was the driver of the two vehicles which eluded the patrol units on the dates listed above. WASHINGTON also admitted he purchased the box of .45 caliber ammunition on date listed above.

On November 9, 2006, your affiant conducted a criminal records check by calling the district clerk's office in Montgomery, Alabama, and has determined that WASHINGTON has the following felony convictions of Receiving Stolen Property 1st degree, Possession of a Controlled Substance and Possession of Marijuana 1st degree.

On November 9, 2006, TFO Robert H. Green spoke with Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Theron Jackson, who stated that a AK-47 is not manufactured in the State of Alabama.

Pursuant to Title 18, United States Code, Section 922(g)(1), it is a violation of federal law for anyone who has been convicted in any court, for a crime punishable by imprisonment for a term exceeding one year, to possess a firearm which has traveled in interstate commerce.

Based upon the aforementioned, your affiant has sufficient probable cause to believe, and does believe, that Christopher Antonio WASHINGTON violated Title 18, United States Code, Section 922(g)(1) - Unlawful Possession of a Firearm by a Convicted Felon.

Robert H. Green,  Affiant
Task Force Officer, ATF

Sworn to and subscribed before me, this _____ day of November, 2006

DELORES R. BOYD
United States Magistrate Judge